NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

VALENTE TITO SERRANO, *Appellant*.

No. 1 CA-CR 18-0397
FILED 12-13-2018

Appeal from the Superior Court in Maricopa County
No. CR2017-119804-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge James P. Beene and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        After reviewing the record, we affirm Valente Tito Serrano's
("Serrano") conviction and sentence.  Serrano timely appeals his conviction
and sentence for possession of a deadly weapon while a prohibited
possessor.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3102(A)(4).  After searching
the entire record, Serrano's defense counsel identified no arguable question
of law that is not frivolous.  Therefore, in accordance with *Anders v.
California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense
counsel asks this Court to search the record for fundamental error.  Serrano
was also allowed to file a supplemental brief in propria persona but did not
do so.  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        On April 28, 2017, at approximately 10:00 p.m., police officers
Daley and Aguirre approached a red Jeep that was parked in a handicap
parking spot in front of a closed business.  Two passengers were exiting the
vehicle—Serrano from the front passenger side, and another man from the
driver side.  As the officers approached, Serrano began to reach into the
passenger area of the Jeep.  The officers directed Serrano to show them his
hands and sit on the ground, and Serrano complied.

¶3        While Serrano was seated on the curb, Officer Aguirre spoke
with the other passenger, who consented to a search of the vehicle.  Serrano
seemed "frantic" because he was looking around, talking to himself, and
looking at the Jeep.  Due to Serrano's behavior, the officers placed Serrano
in the back of their patrol car.  Officer Aguirre then searched the Jeep.

¶4        The search revealed that there was an operable shotgun in a
pool cue bag in the back of the vehicle.  After being read his *Miranda*[1] rights,
Serrano admitted that he received the gun in the pool cue bag from another
man earlier in the day, the man had given him $50, and the man told him

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

to give the gun and the money to a black car that was coming to pick them up. Serrano also acknowledged he was a prohibited possessor and was on probation.

**¶5**        The State indicted Serrano of possessing a deadly weapon while a prohibited possessor, a class 4 felony. It alleged three historical prior felony convictions and the aggravating factor of committing the offense while on probation. After a two-day trial, a jury found Serrano guilty of the offense and that the State had proven the aggravating factor.

**¶6**        The superior court conducted the sentencing hearing in compliance with Serrano's constitutional rights and Arizona Rule of Criminal Procedure 26. Serrano admitted to the three prior historical felonies. The court sentenced Serrano to the presumptive term of ten years' imprisonment. It also imposed a $20 probation assessment, $20 time-payment fee, $13 criminal-penalty assessment, and $2 victim-rights-enforcement assessment.

## DISCUSSION

**¶7**        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citation omitted). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reveals that Serrano was represented by counsel at all critical stages and was present at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

**¶8**        The jury was properly comprised of eight jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offense, the State's burden of proof, the necessity of a unanimous verdict, and the presumption of innocence. At sentencing, Serrano was given an opportunity to speak, and the court explained the basis for imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the court imposed an appropriate sentence within the statutory limits. *See* A.R.S. § 13-703(J).

**CONCLUSION**

**¶9**        Serrano's conviction and sentence are affirmed.    Defense counsel shall inform Serrano of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶10**        Serrano has thirty days from the date of this decision to proceed, if he wishes, with an in propria persona motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA